IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTUARDO G.C., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN CALIFORNIA CITY DETENTION FACILITY, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-02798-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 215-643-220 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Estuardo G.C.[1] is an immigration detainee proceeding with a first

amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the

"petition"), Dkt. No. 14, and a motion for temporary restraining order (the "TRO

application"), Dkt. Nos. 2, 11.

In June 2018, Petitioner applied for admission at the San Luis, Arizona Port of

Entry.  Dkt.9-1, at pg.2.  Immigration officials identified Petitioner as an

"unaccompanied alien child"; he was ten years old at the time.  *Id.*  After being

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

processed for removal proceedings pursuant to 8 U.S.C. § 1229a, *id.*, Petitioner was paroled into the country, Dkt. 9-2, at pg.1.

In February 2026, Petitioner was driving a vehicle when he was stopped by a U.S. Border Patrol agent conducting "roving-patrol operations." *Id.* at pg. 2.  The agent arrested Petitioner, and he has been detained ever since. *Id.*  Petitioner has no criminal history. *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate, among other things, his constitutional due process rights.  Dkt. 14, at pg. 17–18.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.,* *J.S.M.R. v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-01474, 2026 WL 948525 (E.D. Cal. Apr. 8, 2026); *R.D.T.M. v. Wofford*, No. 1:25-cv-01141, 2025 WL 2617255 (E.D. Cal. Sept. 9, 2025).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above."  Dkt. No. 12.  The court appreciates Respondents' timely and candid response.  Dkt. No. 15.  Although Respondents maintain that Petitioner's

detention is lawful, they agree that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the [court's] Order." *Id.* at pg. 1.  Respondents do not oppose the court ruling directly on the petition, and they do not request a hearing.  Dkt. 9, at pg.1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Dkt. No. 14, is GRANTED as to Count Four, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Estuardo G.C. (A# 215-643-220) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel

present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

Given the foregoing, Petitioner's motion for temporary restraining order, Dkt. Nos. 2, 11, and all other pending requests, are DENIED as moot.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  April 29, 2026, at Honolulu, Hawai'i.

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-02798-MWJS; *Estuardo G.C. v. Warden California City Detention Facility, et al.*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS